**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
DAVON DENT,

**COMPLAINT**

Plaintiff,         **JURY TRIAL**
                                         **DEMANDED**

-against-

THE CITY OF NEW YORK,  POLICE OFFICER
JOHN DOE #1
in his individual and official capacity as employee
of the City of New York Police Department

Defendants.
------------------------------------------------------------------------X

The Plaintiff, Davon Dent, by his attorney, Paul V. Prestia, Esq., of The Prestia Law Firm,

P.L.L.C., alleges the following, upon information and belief for this Complaint:

<u>**NATURE OF THE ACTION**</u>

1.      This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§

1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and

the common law of the State of New York, against the City of New York, and against Police

Officer John Doe #1, police officer of the City of New York, in their individual and official

capacities.  Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief,

an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

<u>**JURISDICTION**</u>

2.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367.  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

**VENUE**

3.      Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

**NOTICE OF CLAIM**

4.      On April 22, 2013, Plaintiff filed a Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

5.      The Notice of Claim was in writing, sworn to by Plaintiff, containing the name and address of the Plaintiff, and the name and address of Plaintiff's attorney.

6.      The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

7.      The City of New York has failed to adjust the claims within the statutory time period.

8.      This action is being commenced within one year and ninety days after the happening of the event upon which the claims are based. Plaintiff caused the Notice of Claim to be served upon Defendant the City of New York.

9.      A 50- H hearing of Plaintiff was conducted on October 18, 2013.

## PARTIES

10.     Plaintiff, Davon Dent, is a citizen of the United States and was, at all times relevant hereto, residents of the State of New York, Kings County.

11.     Defendant Police Officers JOHN DOE #1      (hereinafter, JOHN DOE #1, respectively) was at all times relevant to this complaint a duly appointed and acting officer of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

12.     Defendant City of New York is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to Section 431 of its Charter. The City of New York has established and maintains a Police Department as a constituent department or agency of the defendant.

13.     At all relevant times, the City of New York and its Police Department employed the defendants.

14.     At all relevant times the Defendants JOHN DOE #1 was a duly appointed and acting Police Officers of the New York City Police Department and was at all relevant times on duty on August 4, 2012.

15.     At all relevant times, Defendants JOHN DOE #1  was  acting under color of state law.

16.     At all relevant times, Defendants JOHN DOE #1 was an agent, servant and employee acting within the scope of their employment by defendant City of New York.

## FACTS

2

17.     On August 4, 2012, at approximately 10:00 p.m., Davon Dent  (hereinafter "Plaintiff"), was outside with friends, in or about 180th St., and Boston Rd.,  Bronx, NY.

18.     At or about that time, several police officers with the NY City Police Department, including Defendant Officer JOHN DOE #1, approached Plaintiff with their guns drawn. Defendant officer John Doe #1 ordered plaintiff to put his hands up.

19.     Plaintiff was handcuffed by defendant JOHN DOE #1, who slapped Plaintiff in the face. Plaintiff was taken to the 48th Precinct and strip searched by Defendant JOHN DOE #1.

20.     On August 7, 2012,  Plaintiff was arraigned in Bronx County Criminal Court and charged with Criminal Sale of a Controlled Substance in the Third Degree.

21.     Plaintiff was released on his own recognizance.

22.      Plaintiff  made subsequent court appearances in Bronx Criminal Court.

23.     On February 13, 2013, the Bronx County District Attorney's Office dismissed the case against Plaintiff.

24.     Plaintiff was in custody for approximately 72 hours.

25.     As a direct and proximate result of the malicious and outrageous conduct of Defendants set forth above, Plaintiff suffered injuries and damages including bruised ribs, emotional trauma, harm and distress, mental anguish, fear, pain and suffering.  The full extent of the injuries and damages suffered by Plaintiff  has yet to be determined.

## FIRST CAUSE OF ACTION

### (False Arrest Under Federal Law)

26.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 25 of this complaint as if fully set forth herein.

27.     The acts and negligence of the Defendant Officers, committed under color of law and under their authority as City of New York police officers, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff and were designed to and did cause emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff.  The aforesaid actions of the defendants were in violation of Plaintiff's constitutional rights to be free from unreasonable search and seizure of his person, to equal protection of the laws, and to not suffer deprivation of his liberty without due process of law, as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

28.     As a consequence thereof,  Plaintiff was injured and claims damages under 42 U.S.C. § 1983 for the above-referenced injuries.

## SECOND CAUSE OF ACTION

### (Civil Rights Violation)

29.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 28 of this complaint as if fully set forth herein.

30.     The acts and negligence of the defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff, who is African-American, were motivated by racial animus, were done intentionally,

maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

31.     As a consequence thereof, Plaintiff has been injured, and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

### THIRD CAUSE OF ACTION

### (Monell)

32.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 of this complaint as if fully set forth herein.

33.     On information and belief, prior to and including August 4, 2012, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

34.     On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

35.     On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault,

unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

36.     On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein.  Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

37.     As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

38.     The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

39.     The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to Plaintiff..

40.     As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## FOURTH CAUSE OF ACTION

### (Malicious Prosecution Under State Law))

41.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 40 of this complaint as if fully set forth herein.

42.     Defendant John Doe #1 are liable to plaintiff for malicious prosecution of his August 2012 arrest, because pursuant to a conspiracy, and acting with malice, the defendant initiated a malicious prosecution against plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the criminal court(s) alleging plaintiff had committed various crimes,  maliciously representing to the court that they would be 'ready' for trial , when in fact, they never were, seeking long, undue, adjournments of these cases to procure a guilty plea from plaintiff; and based upon these false statements, prosecutors prosecuted plaintiff until the case against plaintiff were dismissed in their entirety.

43. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

44. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s) and pursuing said prosecutions despite knowing they did not have the requisite probable cause to successfully prosecute plaintiff.

45. As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

## FIFTH CAUSE OF ACTION

### (Malicious Prosecution Under Federal Law)

46.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 45 of this complaint as if fully set forth herein.

47.     Defendant John Doe #1 initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

48.     Defendant John Doe #1 in initiating the above-stated malicious prosecution used such to cover up their illegal and unconstitutional conduct and force plaintiff into confessing to a crime he did not commit.

49. The acts and negligence of Defendant John Doe #1 in  falsely charging, imprisoning and maliciously prosecuting plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and  emotional harm and distress, mental anguish, fear, pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

50.  As a consequence thereof, plaintiff has been injured, and plaintiff, claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff's respectfully requests that judgment be entered as follows:

1. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

2. A declaration that the defendants violated Plaintiff's rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in his civil rights because of his race or color, and to be free from the deprivation of liberty without due process of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4. Compensatory damages against all defendants in an amount to be determined by a jury;

5. By reason of the wanton, willful and malicious character of the conduct complained of herein, exemplary and punitive damages against all defendants in an amount to be fixed at trial;

6. An award to Plaintiff of the costs and disbursements herein;

7. An award of attorney's fees under 42 U.S.C. § 1988;

8. Such other and further relief as this Court may deem just and proper.

Dated: October 29, 2013
      New York, New York


                  _____/s/_____
                  PAUL V. PRESTIA, ESQ.
                  The Prestia Law Firm, P.L.L.C.
                  65 Broadway, Suite 716
                  New York, New York 10006
                  (212) 430-6313
                  Attorney for Plaintiff